a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL RHODES, Petitioner | CIVIL ACTION NO. 5:19-CV-1639-P |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WARDEN DARREL VANNOY, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by counsel on behalf of Petitioner Michael Rhodes ("Rhodes") (#364469). Rhodes is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Rhodes challenges his second-degree murder conviction in the Second Judicial District Court, Bienville Parish.

Because Rhodes's Petition (ECF No. 1) is second or successive, it should be DISMISSED for lack of jurisdiction.

I. Background

Rhodes was convicted of second-degree murder and sentenced to life imprisonment in Louisiana's Second Judicial District Court, Bienville Parish, Docket No. 30,870. The Louisiana Second Circuit Court of Appeal affirmed Rhodes's conviction. *State v. Michael Rhodes*, 29,207 (La.App. 2 Cir. 1/27/1997), 688 So.2d 628, *writs denied, State v. Michael Rhodes*, 97–0753 (La.9/26/1997), 701 So.2d 980).

In 2003, Rhodes filed a *pro se* Petition for Writ of Habeas Corpus under § 2254 in this Court. The Court denied and dismissed the Petition as untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d). *See Rhodes v. Warden, Louisiana State Penitentiary*, 5:03-CV-1299, W.D. La.; ECF No. 4.

In 2009, Rhodes filed a second *pro se* Petition under § 2254 in this Court. The Court stayed the action for 60 days for Rhodes to obtain authorization to file a second or successive petition from the United States Court of Appeals for the Fifth Circuit. *Rhodes v. Warden, Louisiana State Penitentiary*, 5:09-CV-1669, W.D. La.; ECF No. 4. The Court ultimately struck the Petition from the record because Rhodes failed to obtain authorization. *Id.*, ECF No. 9.

Rhodes eventually sought authorization to file a second or successive § 2254 petition from the Fifth Circuit, but authorization was denied. In Re: *Michael Rhodes*, No. 09-31223 (5th Cir. March 2, 2010).

In 2012, Rhodes filed another *pro se* § 2254 Petition in this Court. *Rhodes v. Warden, Louisiana State Penitentiary*, 5:12-CV-2937, W.D. La.; ECF No. 1. The Court transferred the Petition to the Fifth Circuit for Rhodes to obtain authorization to file a second or successive § 2254 petition. *Id.*, ECF No. 10. The Fifth Circuit denied authorization once again. In Re: *Michael Rhodes*, No. 12-31147 (5th Cir. February 14, 2013).

In 2013, Rhodes filed two additional motions for authorization in the Fifth Circuit, which were also denied. In re: *Michael Rhodes*, No. 13-30234 (5th Cir. June 11, 2013); In re: *Michael Rhodes*, No. 13-31276 (5th Cir. March 13, 2014).

Rhodes filed an application for post-conviction relief in 2015, which was denied as untimely. ECF No. 1-8 at 1-3. The appellate court denied writs, noting that the post-conviction application had been untimely filed in the trial court. ECF No. 1-9 at 2. Likewise, the Louisiana Supreme Court denied writs because the application was untimely filed in the trial court. The court further found that, "even absent the procedural bar, [Rhodes] fails to satisfy his post-conviction burden of proof." *Rhodes v. Cain*, 2002–0941 (La. 2/14/2003), 836 So.2d 118; ECF No. 1-10 at 2-3.

In 2017, Rhodes filed—through counsel—another § 2254 Petition in this Court. The case was stayed pending authorization from the Fifth Circuit to file a second or successive petition. *Rhodes v. Darrel Vannoy*, 5:17-CV-0867, W.D. La., ECF No. 3. Rhodes sought authorization from the Fifth Circuit on the grounds that the grand jury in his case consisted of less than nine people in violation of state law; the grand jurors never considered a second-degree murder charge against him; the grand jurors never voted to charge him; and he was never legally indicted. In re: *Michael Rhodes*, No. 18-30415 (5th Cir. May 16, 2018). The Fifth Circuit again denied the motion for authorization. *Id.*

In his latest Petition (ECF No. 1) filed by counsel under 28 U.S.C. § 2241, Rhodes suggests that he is not attacking his conviction because he "has never been

3

convicted." ECF No. 1-1 at 1. Rhodes re-urges a claim previously presented to the Fifth Circuit—that there were fewer than nine jurors on the grand jury. ECF No. 1-1 at 8; In re: *Michael Rhodes*, No. 18-30415 (5th Cir. May 16, 2018). Rhodes claims that, because there were fewer than nine jurors, his trial and conviction are void. ECF No. 1-1 at 8.

II.  Law and Analysis

Rhodes alleges that § 2254 is inapplicable because his judgment of conviction is not valid. ECF No. 1-1 at 2. Section 2241 is a general grant of jurisdiction to the district courts to issue a writ of habeas corpus. However, "[a]uthority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" *Felker v. Turpin*, 518 U.S. 651, 662 (1996). Thus, while § 2241 grants authority to district courts to consider a state prisoner's habeas claims, that authority is subject to the restrictions and limitations found in the more specific statutory provisions of § 2254, where the prisoner is in custody pursuant to a state court judgment. *Id.* at 662. Rhodes is clearly incarcerated pursuant to a judgment of a Louisiana court, the validity of which he challenges.

Thus, while § 2241 authorizes habeas corpus review of unlawful confinement in general, § 2254 specifically authorizes review of state court convictions. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973) (the specific remedy found in § 2254 is recognized as the exclusive avenue for challenging the legality of a state court

4

conviction). The Fifth Circuit has "articulated the canon of construction that states that a more specific provision controls a more general provision." *Carmona v. Andrews*, 357 F.3d 535, 538 (5th Cir. 2004) (citing *United States v. John*, 309 F.3d 298, 302 n. 5 (5th Cir. 2002) (noting that "a principle of statutory construction provides that a specific provision takes precedence over a more general one"); *Kirby Corp. v. Pena*, 109 F.3d 258, 270 (5th Cir. 1997) ("It is a well-known canon of statutory construction that a specific statutory provision governs the general."). Rhodes is directly challenging the legality of his judgment of conviction. Thus, the specific provisions of § 2254 are clearly applicable.

Rhodes has filed multiple § 2254 Petitions in this Court, which have been denied or stricken. *See Rhodes v. Warden, Louisiana State Penitentiary*, 5:03-CV-1299, W.D. La.; *Rhodes v. Warden, Louisiana State Penitentiary*, 5:09-CV-1669, W.D. La.; *Rhodes v. Vannoy*, 5:17-CV-0867, W.D. La. Rhodes has frequently been denied authorization to file second or successive § 2254 petitions. *See* In re: *Michael Rhodes*, No. 09-31223 (5th Cir. Mar. 2, 2010); In re: *Michael Rhodes*, No. 12-31147 (5th Cir. Feb. 14, 2013); In re: *Michael Rhodes*, No. 13-30234 (5th Cir. June 11, 2013); In re: *Michael Rhodes*, No. 13-31276 (5th Cir. Mar. 13, 2014); In re: *Michael Rhodes*, No. 18-30415 (5th Cir. May 16, 2018). Rhodes even raised his present argument regarding the number of grand jurors to the Fifth Circuit in his most recent request for authorization, which was denied. In re: *Michael Rhodes*, No. 18-30415, Motion for Authorization.

By seeking to proceed under § 2241, Rhodes attempts to avoid the prohibition on filing successive § 2254 petitions. A state prisoner may not use the general provisions found in § 2241 to circumvent restrictions applicable to § 2254 actions. *See* 28 U.S.C. § 2244; *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (addressing a petitioner's attempt to circumvent the restriction on filing successive motions under § 2255); *Alexander v. Davis*, 4:17-CV-440, 2017 WL 2377979 (N.D. Tex. May 31, 2017); *Williams v. O'Brien*, No. 4:06-CV-834, 2007 WL 60487 (N.D. Tex. Jan. 5, 2007).

Because § 2254 specifically governs any constitutional challenge to a state prisoner's state conviction or sentence, Rhodes's Petition is properly characterized as second or successive Petition under § 2254. Because Rhodes does not have authorization from the Fifth Circuit to file a second and successive § 2254 Petition, this Court lacks jurisdiction over his claim.

### III. Conclusion

Because Rhodes's claim arises under § 2254, and he has not obtained authorization from the Fifth Circuit to file a second or successive petition, IT IS RECOMMENDED that Rhodes's Petition (ECF No. 1) be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Rhodes's claim.[1]

---

[1] *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Rivera v. Edge*, 746 F. App'x 422, 423 (5th Cir. 2019) (unpublished) (modifying judgment to reflect dismissal was with prejudice as to the question of jurisdiction over the § 2241 petition and without prejudice as to all other issues).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __3rd__ day of February 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE